# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 22, 2010

Charles R. Fulbruge III
Clerk

No.  08-41301

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

JOSE CARLOS PINEDA,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, and SMITH and ELROD, Circuit Judges.

PER CURIAM:

This appeal concerns a $100 assessment.

In 2001, Jose Carlos Pineda pled guilty to illegal reentry after deportation and was sentenced to seventy months of imprisonment and three years of supervised release. Pursuant to 18 U.S.C. § 3013, he was also ordered to pay a $100 special assessment, the proceeds of which would be deposited in the Crime Victims Fund. After serving his sentence of imprisonment, Pineda was deported to Mexico in 2005. He did not pay the assessment.

In 2008, seven years after the 2001 judgment, Pineda was found illegally present in this country again, in violation of federal law and his supervised release terms.  Pineda's supervised release was revoked, and in a written order, the district court reimposed the unpaid special assessment.

No.  08-41301

On appeal, Pineda argues that this act was *ultra vires*. The government agrees that the district court exceeded its authority, regardless whether it sought to reinstate the previous unpaid assessment or to impose a new assessment.  Section 3013(c) states that "The obligation to pay an assessment ceases five years after the date of the judgment." Neither § 3013 nor 18 U.S.C. § 3583, which concerns supervised release, sanctions the imposition of a § 3013 assessment for revocation of a term of supervised release. The district court therefore lacked authority to impose or reimpose a special assessment.

Accordingly, we VACATE in part and REMAND for amendment of the judgment consistent with this opinion.