# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 15, 2013

Lyle W. Cayce
Clerk

No. 13-40253
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JORGE CASTANEDA,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-986-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jorge Castaneda appeals the sentence imposed following the revocation of

his supervised release ("SR").  Specifically, he contests the reimposition of a $100

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

special assessment ("SA").  He asserts that he was relieved of that obligation because more than five years elapsed since the date of the underlying judgment, and the court otherwise had no statutory authority to impose or reimpose the SA.  Castaneda also contends that the SA should be vacated because its re-imposition was set forth in only the written revocation judgment, and any conflict must be resolved in favor of the oral pronouncement, which did not reference the SA.  The government agrees that the court exceeded its authority and that the written judgment should be reformed to strike the SA.

Although a SA is a mandatory component of a sentence, *see* 18 U.S.C. § 3013(a)(2)(A), the obligation to pay it "ceases five years after the date of the judgment," § 3013(c).  More than five years elapsed between the initial imposition of the SA and the revocation of SR.  Because neither § 3013 nor 18 U.S.C. § 3583 (which concerns SR) sanctions the imposition of a SA for revocation of a term of SR, the court lacked authority to impose or reimpose a SA.  *See United States v. Carlos Pineda*, 594 F.3d 892, 893 (5th Cir. 2010) (per curiam).  Because the court lacked that authority, we need not consider Castaneda's argument that the written judgment should be remanded for amendment because the oral pronouncement at the revocation hearing conflicted with the written revocation judgment.

Accordingly, we VACATE in part and REMAND for amendment of the judgment consistent with this opinion.