# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40964
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAULA DOMINGUEZ-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-760-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Paula Dominguez-Garcia appeals the sentence imposed following the revocation of her probation. Specifically, she contests the imposition or reimposition of a $100 special assessment. She asserts that she was relieved of that obligation because more than five years elapsed since the date of the underlying judgment, and the court otherwise had no statutory authority to impose or reimpose the assessment. The Government agrees that the court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40964

exceeded its authority and that the written judgment should be reformed to strike the special assessment.

Although a special assessment is a mandatory component of a sentence, *see* 18 U.S.C. § 3013(a)(2)(A), the obligation to pay it "ceases five years after the date of the judgment," § 3013(c). More than five years elapsed between the initial imposition of the special assessment and the revocation of probation. Because neither § 3013 nor 18 U.S.C. § 3565 sanctions the imposition of a special assessment for revocation of a term of probation, the court lacked authority to impose or reimpose a special assessment. *See United States v. Carlos Pineda*, 594 F.3d 892, 893 (5th Cir. 2010).

Accordingly, we VACATE in part and REMAND for amendment of the judgment consistent with this opinion.